NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1283n.06

No. 11-6382

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

**FILED**
***Dec 13, 2012***
DEBORAH S. HUNT, Clerk

MICHAEL CHOATE,

    Plaintiff-Appellant,

v.

UNITED STATES POSTAL SERVICE;
PATRICK R. DONAHOE; TERRENA MOORE,

    Defendants-Appellees.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

—————————————————————————/

Before:    KEITH, MARTIN, and ROGERS, Circuit Judges.

    BOYCE F. MARTIN, JR., Circuit Judge.  Michael Choate sued the United States Postal Service, Postmaster General Patrick R. Donahoe, and Postmaster Terrena Moore alleging violations of his constitutional rights, and subsequently filed a motion for a preliminary injunction.  The district court denied Choate's motion.  For the reasons that follow, we **AFFIRM**.

I.

    In July 2010, Michael Choate began handing out religious leaflets outside of the Post Office in Oakland, Tennessee.  As Choate handed out leaflets, he stood on a sidewalk leading to the post office.  The sidewalk is not adjacent to a public street and it is entirely surrounded by the Post Office parking lot.  Occasionally, Choate would engage in one-on-one conversation with people.  Choate never entered the Post Office to distribute his leaflets.

On August 6, 2012, approximately two weeks after Choate began handing out leaflets outside of the Post Office, Postmaster Terrena Moore approached him as he handed out his leaflets and ordered him to leave the property or face arrest. Choate refused to leave the property, and the police were called. The police told Choate that he was trespassing, but Choate refused to leave because he believed that he had a right to engage in such activity on the Post Office's property. The police arrested Choate, and the charges were later dropped.

A few weeks after his arrest, Choate returned to the Post Office to discuss the incident with Postmaster Moore. Postmaster Moore referred Choate to a Post Office regulation regarding disturbances and expressed that Choate's activities annoyed some of the Post Office's customers. Postmaster Moore went on to warn Choate that he may be arrested if he returned to the Post Office sidewalk to distribute leaflets. Choate's counsel wrote to the Postal Service, seeking assurance that Choate would be free to distribute leaflets on the property. The Postal Service responded by letter, stating that it would not be able to provide Choate with any such assurance so long as his actions violate 39 C.F.R. § 232.1(e), which states

> Disorderly conduct, or conduct which creates loud and unusual noise, or which impedes ingress to or egress from post offices, or otherwise obstructs the usual use of entrances, foyers, corridors, offices, elevators, stairways, and parking lots, or which otherwise tends to impede or disturb the public employees in the performance of their duties, or which otherwise impedes or disturbs the general public in transacting business or obtaining the services provided on property, is prohibited.

Choate never returned to the property to distribute leaflets.

Choate filed a complaint against the Postal Service and various Postal Service officials on July 29, 2011 in federal district court. Four days later, he filed a Motion for Preliminary Injunction

seeking to enjoin the Postal Service and its agents from enforcing section 232.1(e) or any other regulation that keeps Choate from engaging in peaceful literature distribution on the Post Office's sidewalk. Along with the motion, Choate submitted an affidavit describing his leafleting activities outside of the Post Office. The Postal Service filed a Response to the motion and attached a letter from the United States Attorney for the Western District of Tennessee as an exhibit. The letter stated that "[l]eafleting as described in the affidavit is permitted by Postal Service regulations [and] Mr. Choate is free to resume leafleting in such manner." The district court held a hearing on the Motion on September 20, 2011, and issued an order denying the motion two days later. The district court held that Choate could not establish a likelihood of success on the merits and that he could not establish irreparable harm.

## II.

Choate appeals the district court's denial of his preliminary injunction motion. The standard of review for a district court decision regarding a preliminary injunction with First Amendment implications is de novo. *Bays v. City of Fairborn*, 668 F.3d 814, 819 (6th Cir. 2012) (citation omitted).

The district court must weigh four factors when considering a motion for a preliminary injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of an injunction. *Bays*, 668 F.3d at 818–19 (citing *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 542 (6th Cir. 2007)).

"[I]n a First Amendment case, 'the crucial inquiry is usually whether the plaintiff has demonstrated a likelihood of success on the merits. This is so because . . . the issues of the public interest and harm to the respective parties largely depend on the constitutionality of the statute.'" *Hamilton's Bogarts, Inc. v. Michigan*, 501 F.3d 644, 649 (6th Cir. 2007) (quoting *Nightclubs Inc. v. City of Paducah*, 202 F.3d 884, 888 (6th Cir. 2000)).

### III.

The United States Attorney submitted an informal opinion letter acknowledging that Choate's desired activity, as described in his affidavit, is within the bounds of section 232.1(e). The letter undermines Choate's argument that section 232.1(e) violates the First Amendment as applied to his speech, and it allows him to resume his leafleting activities without fear of reprisal from the Post Office. Choate has not demonstrated either a strong likelihood of success on the merits or irreparable injury.

"A preliminary injunction is an extraordinary remedy designed to preserve the relative positions of the parties until a trial on the merits can be held." *Tennessee Scrap Recyclers Ass'n v. Bredesen*, 556 F.3d 442, 447 (6th Cir. 2009). The U.S. Attorney's letter serves to preserve the positions of the parties until the district court can decide the merits, thus alleviating any need to grant Choate's motion for such extraordinary relief. It would have been inappropriate for the district court to grant such relief under the circumstances.

Judgment AFFIRMED.